UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES ATKINS,<br><br>    Plaintiff,<br><br>vs.<br><br>BRIAN E. WILLIAMS, SR., *et al.*,<br><br>    Defendants. | 3:12-cv-00288-MMD-WGC<br><br>**ORDER** |

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. A status conference in this matter was held on August 21, 2013. Before the Court is counsel's motion to withdraw as plaintiff's attorney of record and other matters relevant to the status of this action.

This action has been pending for over one year. By order filed September 26, 2012, the Court entered a screening order directing plaintiff to conduct limited discovery to ascertain the identity of John Doe defendant #1, as referenced in the amended complaint, and then to file a second amended complaint naming that defendant. (ECF No. 6). The Court's screening order directed the Nevada Attorney General to make a limited notice of appearance for the purpose of responding to plaintiff's interrogatories regarding the identity of the Doe defendant. (*Id.*). On October 5, 2012, Deputy Attorney General Steven D. Quinn entered a limited notice of appearance on behalf of defendants. (ECF No. 8).

Instead of complying with this Court's order, plaintiff filed a motion for the appointment of counsel (ECF No. 10) and a notice of appeal (ECF No. 9) of the Court's screening order of September 26, 2012.  On November 9, 2012, the Ninth Circuit Court of Appeals dismissed the appeal for lack of jurisdiction.  (ECF No. 12).

By order filed January 28, 2013, the Court denied plaintiff's motion for the appointment of counsel.  (ECF No. 15).  In that order, the Court again directed plaintiff to serve limited discovery requests on defendants in accordance with the Court's screening order, within thirty days of the entry of the order.  (*Id.*).  The Court further directed plaintiff to file a second amended complaint within thirty days of the date he was served with defendants' responses to interrogatories regarding the identities of any Doe defendants.  (*Id.*).  Plaintiff failed to respond to the Court's order.

On April 3, 2013, attorney Karlon J. Kidder filed a notice of appearance on behalf of plaintiff.  (ECF No. 16).  On July 30, 2013, the Court directed plaintiff to file a status report apprising the Court of the status of this action, and in particular, whether any interrogatories had been served and whether any responses had been received from defendants to ascertain the identity of Doe defendants.  (ECF No. 17).  A status conference was set on the undersigned's calendar for August 21, 2013.  (ECF No. 19).

Plaintiff's counsel filed a status report on August 12, 2013, indicating that he had made contact with counsel for defendants.  (ECF No. 20).  Plaintiff's counsel indicates that two persons were named as possible John Doe #1 in the amended complaint.  Counsel, however, further indicates that he has been unable to contact plaintiff to confirm the name of the defendant and to proceed with the filing of the second amended complaint.  Counsel advises the Court that his last contact with plaintiff was approximately April 15, 2013, and that numerous attempts to contact plaintiff were made via phone and mail, but all attempts have failed.  At the status hearing, counsel advised the Court that, in his written communication to plaintiff, he has advised plaintiff of the possible identities of the Doe defendants.

Concurrent with the filing of the status report, plaintiff's counsel filed a motion to withdraw

as plaintiff's attorney of record. (ECF No. 21). Counsel states that irreconcilable differences between him and plaintiff have arisen, specifically, plaintiff's failure to communicate with counsel, failure to cooperate with counsel, and failure to follow counsel's legal advice. No attorney may withdraw after appearing in a case except by leave of Court after notice has been served on the affected client and opposing counsel. Local Rules of Civil Practice, LR IA 10-6(b). Counsel for plaintiff properly served his motion to withdraw on plaintiff at his last known address, and on opposing counsel. In light of counsel's motion to withdraw, the Court directed plaintiff to personally appear at the status conference held on August 21, 2013. (ECF No. 22). Although counsel for both parties appeared telephonically at the status conference, plaintiff did not appear. Plaintiff filed no response to counsel's motion to withdraw. Counsel having complied with Local Rule 10-6(b) and good cause appearing, based counsel's representations in his motion, status report, and at the status conference, the motion to withdraw as plaintiff's attorney of record is granted.

The Clerk of Court shall serve plaintiff, at his last known address, with this order and with a current printout of the CM/ECF docket sheet in this action. Within thirty days from the date of entry of this order, plaintiff shall secure alternate counsel and counsel shall file a notice of appearance; or in the alternative, plaintiff shall notify the Court that he is proceeding in *pro per*. Within forty-five days from the date of entry of this order, plaintiff shall file a second amended complaint, naming any and all Doe defendants referred to in the amended complaint. Plaintiff is cautioned that his failure to comply with this order will result in a recommendation that this action be dismissed for lack of prosecution.

**IT IS THEREFORE ORDERED** that Karlon J. Kidder's motion to withdraw as counsel of record for plaintiff (ECF No. 21) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL UPDATE** the CM/ECF docket to indicate that Karlon J. Kidder's representation of plaintiff is terminated. The Clerk **SHALL UPDATE** the CM/ECF docket to reflect that plaintiff's address of record is P.O. Box 2282, Reno, Nevada 89505.

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL SERVE** this order and a copy of the current CM/ECF docket sheet for this action on plaintiff at his last known address, P.O. Box 2282, Reno, Nevada 89505.

**IT IS FURTHER ORDERED** the Clerk of Court **SHALL SEND** to plaintiff the court-approved blank form for filing a § 1983 complaint, instructions for the same, and a copy of plaintiff's first amended complaint (ECF No. 5). Plaintiff shall use the court-approved complaint form and he shall write the words "Second Amended" above the words "Civil Rights Complaint" in the caption on page 1 of the complaint form. The second amended complaint must be a complete document in and of itself, and it will supercede the first amended complaint in its entirety.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** from the date of entry of this order, plaintiff **SHALL** secure alternate counsel and counsel shall file a notice of appearance, or in the alternative, plaintiff shall notify the Court that he is proceeding in *pro per*.

**IT IS FURTHER ORDERED** that, within **forty-five days (45) days** from the date of entry of this order, plaintiff **SHALL FILE** a second amended complaint, naming any and all Doe defendants referred to in the amended complaint.

**IT IS FURTHER ORDERED** that plaintiff's failure to comply with all directives in this order will result in a recommendation that this action be dismissed for lack of prosecution.

Dated this 21st day of August, 2013.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE