UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES ATKINS,<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>BRIAN E. WILLIAMS, SR. *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 3:12-cv-00288-MMD-WGC<br><br>ORDER |

This is a *pro se* prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.

## I.   PROCEDURAL HISTORY

Plaintiff was incarcerated when he initiated this action, but has since been released from custody. On June 8, 2012, the Court entered an order screening the original complaint, dismissing certain claims with prejudice, and dismissing certain claims with leave to amend. (Dkt. no. 3.) Plaintiff filed a first amended complaint on July 9, 2012. (Dkt. no. 5.) On September 26, 2012, the Court entered an order screening the first amended complaint. (Dkt. no. 6.) The order allowed plaintiff's Eighth Amendment claim against John Doe defendant #1 to proceed, and dismissed all other claims against all named defendants. (*Id.*) The screening order of September 26, 2012, directed plaintiff to conduct limited discovery to ascertain the identity of John Doe defendant #1, as referenced in the amended complaint, and then to file a second amended complaint naming that defendant. (*Id.*) The Court's screening order directed the Nevada Attorney General to make a limited notice of appearance for the purpose of responding to plaintiff's interrogatories regarding the identity of the Doe defendant. (*Id.*)

On October 5, 2012, Deputy Attorney General Steven D. Quinn entered a limited notice of appearance on behalf of defendants. (Dkt. no. 8.)

Instead of complying with this Court's order, plaintiff filed a motion for the appointment of counsel (dkt. no. 10) and a notice of appeal (dkt. no. 9) of the Court's screening order of September 26, 2012. On November 9, 2012, the Ninth Circuit Court of Appeals dismissed the appeal for lack of jurisdiction. (Dkt. no. 12.)

By order filed January 28, 2013, the Court denied plaintiff's motion for the appointment of counsel. (Dkt. no. 15.) In that order, the Court again directed plaintiff to serve limited discovery requests on defendants in accordance with the Court's screening order, within thirty (30) days of the entry of the order. (*Id.*) The Court further directed plaintiff to file a second amended complaint within thirty (30) days of the date he was served with defendants' responses to interrogatories regarding the identities of any Doe defendants. (*Id.*) Plaintiff failed to respond to the Court's order.

Plaintiff secured counsel on his own. On April 3, 2013, attorney Karlon J. Kidder filed a notice of appearance on behalf of plaintiff. (Dkt. no. 16.) On July 30, 2013, the Court directed plaintiff to file a status report apprising the Court of the status of this action, and in particular, whether any interrogatories had been served and whether any responses had been received from defendants to ascertain the identity of Doe defendants. (Dkt. no. 17.)

Plaintiff's counsel filed a status report on August 12, 2013, indicating that he had made contact with counsel for defendants. (Dkt. no. 20.) A status conference was held before the Magistrate Judge on August 21, 2013. (Dkt. no. 19.) In the status report, plaintiff's counsel indicated that two persons were named by the Attorney General as possible John Doe defendant #1 in the amended complaint. Counsel further indicated that he was unable to contact plaintiff to confirm the names of the defendants and to proceed with the filing of the second amended complaint. Counsel advised the Court that numerous attempts to contact plaintiff were made via phone and mail, but failed. At
///

the status hearing, counsel advised the Court that, in his written communication to plaintiff, he advised plaintiff of the possible identities of the Doe defendants.

Concurrent with the filing of the status report, plaintiff's counsel filed a motion to withdraw as plaintiff's attorney of record. (Dkt. no. 21.) Counsel cited irreconcilable differences between he and plaintiff, specifically, plaintiff's failure to communicate with counsel, failure to cooperate with counsel, and failure to follow counsel's legal advice. (*Id.*) In light of counsel's motion to withdraw, the Magistrate Judge directed plaintiff to personally appear at the status conference held on August 21, 2013. (Dkt. no. 22.) Although counsel for both parties appeared telephonically at the status conference, plaintiff did not appear. (Dkt. no. 25.) By order filed August 21, 2013, the Magistrate Judge granted counsel's motion to withdraw as plaintiff's counsel of record. (Dkt. no. 26.) In the same order, plaintiff was ordered to file a second amended complaint within forty-five (45) days, naming any and all Doe defendants referred to in the first amended complaint. (*Id.*, at pp. 3-4.) Pursuant to the order of August 21, 2013, the Clerk of Court served plaintiff with the court-approved form for filing a section 1983 action, along with instructions, a copy of the first amended complaint, and a copy of the order itself. (*Id.*, at p. 4.) Plaintiff was cautioned that the second amended complaint must be a complete document in and of itself, and that the second amended complaint would supercede the first amended complaint in its entirety. (*Id.*, at p. 4.)

On October 4, 2013, plaintiff filed a motion for an extension of time in which to file a second amended complaint. (Dkt. no. 27.) By order filed October 7, 2013, the Magistrate Judge granted plaintiff a sixty-day extension of time in which to file a second amended complaint. (Dkt. no. 28.) On December 10, 2013, plaintiff filed the second amended complaint. (Dkt. no. 29.) This Court now reviews the second amended complaint.

## II.  MOTION FOR APPOINTMENT OF COUNSEL

Within his second amended complaint, plaintiff seeks the appointment of counsel. (Dkt. no. 29, at pp. 5-6.) A litigant in a civil rights action does not have a Sixth

Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 13253 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will make such a request, however, are exceedingly rare, and the court will make the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of such exceptional circumstances requires that the court evaluate both the likelihood of success on the merits and the plaintiff's ability to articulate his claims in pro se in light of the complexity of the legal issues involved. *Id.*; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither of those factors is dispositive and both must be reviewed together in reaching a decision. *Terrell*, 935 F.3d at 1017. In the instant case, this Court has previously denied plaintiff's request for the appointment of counsel. (Dkt. no. 15.) The Court does not find exceptional circumstances that warrant the appointment of counsel. The request for the appointment of counsel is denied.

### III. SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

///

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.; see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the

assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). See *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## IV.   SCREENING OF THE SECOND AMENDED COMPLAINT

The Court initially notes that plaintiff failed to use the court-approved civil rights complaint form for filing his second amended complaint, as directed in the order of August 21, 2013. (Dkt. no. 29; Order at dkt. no. 26.) Plaintiff names Cheryl Burson, Lloyd Brewster, and Adrian Guerrero as defendants in the caption of the second amended complaint. (Dkt. no. 29.) Plaintiff brings action based on events alleged to have occurred on dates in June 2010 at the Southern Desert Correctional Center (SDCC). Plaintiff fails to name any other persons as defendants, but states within the second amended complaint: "This also includes any date unknown at this time and includes anyone and any dates and action in the first amended complaints." (Dkt. no. 29, at p. 5.) In the order of August 21, 2013, plaintiff was specifically cautioned that: "The second amended complaint must be a complete document in and of itself, and it will supercede the first amended complaint in its entirety." (Dkt. no. 26, at p. 4.) This means that plaintiff may not incorporate defendants, dates, or factual allegations by

reference to prior complaints filed in this action. Therefore, this Court will not look to the original or first amended complaint to fill in the deficiencies of the second amended complaint.

Plaintiff alleges that an unnamed correctional officer had him beaten and raped by another inmate because plaintiff made a rude gesture toward him. (Dkt. no. 29, at p. 2.) Pursuant to the Eighth Amendment, prison officials have a duty to take reasonable steps to protect inmates from physical abuse. *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982); *see also Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate safety." *Farmer*, 511 U.S. at 837. In the instant case, plaintiff has not alleged that any named defendant knew of and disregarded a risk to his safety that resulted in his being beaten and raped. Plaintiff fails to make any factual allegations against defendants Cheryl Burson, Lloyd Brewster, and Adrian Guerrero, and therefore, plaintiff fails to state a cognizable claim against the named defendants. Additionally, although plaintiff states that he "feels his life is in danger" (dkt. no. 29, at pp. 3-4), this allegation fails to state a claim because plaintiff is no longer incarcerated and therefore is no longer under the authority of prison staff whom he allegedly fears.

The Court will grant plaintiff one final opportunity to file a third amended complaint, to correct the deficiencies in the second amended complaint. Plaintiff is advised that a third amended complaint will supercede the original complaint, as well as the first and second amended complaints. The third amended complaint must be complete in itself, and plaintiff may not incorporate by reference to prior complaints filed in this action. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). Plaintiff's third amended complaint must contain all claims, defendants, and factual allegations that plaintiff wishes to pursue in this lawsuit. Plaintiff must name the identities of any Doe

defendants and must make specific factual allegations as to each defendant he names in the third amended complaint. Moreover, plaintiff must file the third amended complaint on this Court's approved civil rights complaint form and must be entitled "Third Amended Complaint."

## V. CONCLUSION

It is therefore ordered that the second amended complaint (dkt. no. 29) is dismissed with leave to amend.

It is further ordered that the Clerk of Court shall send to plaintiff the court-approved blank form for filing a § 1983 complaint, instructions for the same, and a copy of plaintiff's second amended complaint (dkt. no. 29). Plaintiff shall use the court-approved complaint form and he shall write the words "Third Amended" above the words "Civil Rights Complaint" in the caption on page 1 of the complaint form. The third amended complaint must be a complete document in and of itself, and it will supercede all previously filed complaints in this action.

It is further ordered that within thirty (30) days from the date of entry of this order, plaintiff shall file a third amended complaint, identifying any and all Doe defendants referred to in his prior complaints and alleging specific factual allegations as to each defendant.

It is further ordered that plaintiff's failure to file a third amended complaint in full compliance with this order will result in the dismissal of this action.

It is further ordered that plaintiff's request for the appointment of counsel is denied.

DATED THIS 13th day of February 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE