UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES ATKINS, | Case No. 3:12-cv-00288-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| BRIAN E. WILLIAMS, SR. *et al.*, | |
| Defendants. | |

This is a *pro se* prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. A full procedural history was given in the Court's order filed February 13, 2014. (Dkt. no. 30.)

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a

defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Pursuant to *Cato*, this Court has issued orders outlining the deficiencies of the complaint and amended complaints, and has afforded plaintiff multiple opportunities to amend in order to cure those deficiencies. (*See* dkt. nos. 3, 6, 26, 30.) Most recently, in the order filed February 13, 2014, the Court screened the second amended complaint. (Dkt. no. 30.) Plaintiff's second amended complaint alleged that prison staff at the Southern Desert Correctional Center failed to protect plaintiff from harm by another inmate. (Dkt. no. 29.) The Court initially noted that the second amended complaint was not submitted on the court-approved civil rights complaint form, as required by LSR 1-4 and as had been provided to plaintiff by the Clerk of Court when the Court's order of August 21, 2013 was served on plaintiff. (Dkt. nos. 26 & 30.)

In the order of February 13, 2014, the Court found that plaintiff's second amended complaint failed to state a cognizable civil rights claim against any named defendants. (Dkt. no. 30, at pp. 6-8.) As it had done in prior screening orders, the Court recited the Eighth Amendment standard for deliberate indifference to inmate safety, as set forth in *Farmer v. Brennan*, 511 U.S. 825 (1994). The Court granted plaintiff one final opportunity in which to file a third amended complaint that cured the deficiencies of his second amended complaint. (Dkt. no. 30, at pp. 7-8.) The Court directed the Clerk of Court to send plaintiff the court-approved civil rights complaint form and instructions for filing a third amended complaint. (*Id.*, at p. 8.) The Court directed plaintiff to file his third amended complaint within thirty (30) days. (*Id.*) Further, the Court warned plaintiff

that a failure to file a third amended complaint in compliance with the Court's order would result in dismissal of this action. (*Id.*)

On March 18, 2014, plaintiff filed a document entitled "3rd Amended Complaint." (Dkt. no. 31.) On review, however, the document is not written on the court-approved civil rights complaint form provided by LSR 1-4, and, indeed, the document is not a third amended complaint. Rather, it is a two-page document in which plaintiff appears to address the Court as if he is writing a letter. This document, to the extent plaintiff intended it to serve as a third amended complaint, fails to state a cognizable civil rights claim against any defendant. As such, the third amended complaint is dismissed for failure to state a claim. Because the Court has provided plaintiff with multiple opportunities to file an amended complaint that states a cognizable claim against defendants, no further amendment is permitted. As such, the Court dismisses this action with prejudice for failure to state a cognizable claim. *See* 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2).

It is therefore ordered that this action is dismissed with prejudice for failure to state a cognizable civil rights claim against any defendant.

It is further ordered that the Clerk of Court shall enter judgment accordingly.

It is further ordered any *in forma pauperis* appeal taken from this order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

DATED THIS 1st day of May 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE